___ FILED        ___ ENTERED
___ LODGED       ___ RECEIVED

SEP 2 4 2013

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LIONS GATE ENTERTAINMENT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>YAGOOZON, INC., a Delaware corporation, WINNING COSTUMES, LLC, a Florida limited liability company, BENJAMIN LIGERI, an individual, JUSTIN LIGERI, an individual, SINO CREATION GIFTS AND PROMOTION CO., LTD, and DOES 1 through 10, inclusive,<br><br>Defendants. | NO. MS13-150RSL<br><br>DEFENDANTS' MOTION TO QUASH DOCUMENT AND DEPOSITION SUBPOENA SERVED ON AMAZON.COM, INC. AND FOR PROTECTIVE ORDER<br><br>Underlying Case:<br>*Lions Gate Entertainment, Inc. v. Yagoozon, et al.*,<br>CV-12-10653-JFW-FFM (C.D. Cal.) |

## I.   INTRODUCTION

Defendants, Yagoozon, Inc., Winning Costumes, LLC, Benjamin Ligeri and Justin Ligeri (collectively, "defendants"), seek an order to quash the deposition and document subpoena ("Subpoena") served on Amazon.com, Inc. ("Amazon") on September 10, 2013 by plaintiff Lions Gate Entertainment, Inc. ("Lions Gate"), and a protective order with respect to the Subpoena.

DEFENDANTS' MOTION TO QUASH DOCUMENT AND
DEPOSITION SUBPOENA SERVED ON AMAZON.COM,
INC. AND FOR PROTECTIVE ORDER - 1
No.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

The relief requested by this motion should be granted because the Subpoena: (1) seeks testimony from Amazon yet fails to identify any areas of testimony being sought; (2) seeks categories of documents from Amazon that are overbroad and burdensome to defendants, and that seek constitutionally protected private financial and privileged trade secret information of defendants; and (3) seeks testimony and documents from Amazon without having notified Amazon that in the pending Underlying Case, *Lions Gate Entertainment, Inc. v. Yagoozon, Inc., et al.*, Case No. CV-12-10653-JFW-FFM, filed in the United States District Court for the Central District of California (the "Underlying Case"), the district court has issued a Protective Order governing all discovery proceedings in the Underlying Case, including subpoenas served on non-parties (the "C.D. Cal. Protective Order").[1]

This motion is brought pursuant to Federal Rule of Civil Procedure 45(c) on the grounds that the Subpoena "requires disclosure of privileged or other protected matter" of defendants and subjects defendants to undue burden by virtue of the nature of the records sought from Amazon. FED. R. CIV. P. 45(c)(3)(A)(iii), (iv). This motion is further brought under Federal Rule of Civil Procedure 26(c) on the ground that the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense by forbidding the discovery, specifying terms for the discovery, or limit the scope of discovery to certain matters. FED. R. CIV. P. 26(c)(1)(A), (B), (D). This is particularly the case when the Subpoena served on Amazon by Lions Gate, by not referring to or incorporating the terms of the C.D. Cal. Protective Order, attempts to circumvent the requirements of that Order governing discovery in the Underlying Case.

For the reasons set forth herein, defendants respectfully request that the Court grant this motion to quash the Subpoena, and motion for a protective order.

---

[1] A true and correct copy of the May 23, 2013 Protective Order governing the Underlying Case is attached as Exhibit "A" to the Declaration of Mitchell F. Ducey ("Ducey Decl."), filed with this Motion.

DEFENDANTS' MOTION TO QUASH DOCUMENT AND
DEPOSITION SUBPOENA SERVED ON AMAZON.COM,
INC. AND FOR PROTECTIVE ORDER - 2
No.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

## II. STATEMENT OF RELEVANT FACTS

Lions Gate is the producer and distributor of the motion picture *The Hunger Games*. Yagoozon, previously formed under the name of Winning Costumes, LLC (now dissolved), is an online retailer of costumes, accessories and toys, including movie memorabilia. Benjamin Ligeri and Justin Ligeri are the brothers who formed Winning Costumes and subsequently Yagoozon.[2] In a short period of time Yagoozon has ascended to the position of the No. 1 retailer for 2013 in Inc. Magazine's Top 500 companies. (Exhibit "B" to Ducey Decl.)

The Underlying Case arises out of Lions Gate's allegations that defendants engaged in the online sale of counterfeit merchandise from *The Hunger Games*, "specifically, a counterfeit Mockingjay Pin." (Complaint, ¶ 25.)[3] Based on these allegations of infringing sales of Mockingjay Pins, Lions Gate has asserted claims under, *inter alia*, the Lanham Act and the Copyright Act. The Underlying Case is founded on the notion that Yagoozon is a "bootlegger" of counterfeit merchandise. The defendants contend, and the evidence shows, that notion is ludicrous, as Yagoozon's entire business model is premised upon maintaining its excellent reputation and rooting out such sales which, on the internet, are unavoidable.[4]

On September 10, 2013, plaintiff served defendants with notice of the Subpoena it served on Amazon.com. (Ducey Decl., ¶ 6, and Exhibit "E".) The Subpoena seeks testimony from a corporate designee of Amazon without designating what areas of testimony are being

---

[2] Yagoozon, Winning Costumes and the Ligeris are hereinafter referred to collectively as "defendants." Benjamin Ligeri has separated from Yagoozon and is no longer affiliated with the Company.

[3] In the Hunger Games books and the movie, the Mockingjay Pin was the token worn by the protagonist, Katniss Everdeen, and the Pin became a sign of rebellion against the Capitol. A copy of the Complaint in the Underlying Case (without exhibits) is attached as Exhibit "C" to Ducey Decl. Another defendant, SINO CREATION GIFTS AND PROMOTION CO., LTD., alleged to be the manufacturer of counterfeit Mockingjay Pins, has never been served with the Complaint in the Underlying Case.

[4] A copy of defendants' Answer is attached as Exhibit "D" to Ducey Decl.

DEFENDANTS' MOTION TO QUASH DOCUMENT AND DEPOSITION SUBPOENA SERVED ON AMAZON.COM, INC. AND FOR PROTECTIVE ORDER - 3
No.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

sought. (*See* Exhibit "E" [referencing an "Exhibit 'A'" without attaching such exhibit].) The Subpoena also seeks documents divided under three headings: (a) Mockingjay Pin, Ceasar Wig, Arena Girl Wig, and Contestant Wig [Paragraphs 1-10]; (b) Other Hunger Games Products [Paragraphs 11-20]; and (c) Miscellaneous. Of the products referenced in the Subpoena, only the Mockingjay Pin is relevant to the issues raised in the Complaint; the Underlying Case does not include any claims related to wigs.

Significantly, given the breadth of the definition of the term "Document," the Amazon Subpoena seeks information regarding specific Yagoozon sales to third persons, and thus invades defendants' privacy interest in their own financial information that accompanies those records. In addition, given the breadth of the documents sought in the "Miscellaneous" requests, there is a significant risk that Yagoozon's trade secret information will be disclosed without any mechanism to protect it, such as ID numbers, passwords, information about its business and advertising, and financial information—as reflected in document requests for "Listing Titles" (No. 21), "agreements" (No. 24), "policy warnings" (No. 25), and "Product Advertising API used" (No. 27). (*See* Exhibit "E".) Having made over $18 million in sales on Amazon in 2012 (Exhibit "B"), there is a significant risk of undue burden on and annoyance to Yagoozon as a result of the documents and information sought by the Subpoena.

On September 12, 2013, defendants' counsel in the Underlying Case served Objections to the Subpoena, attaching a copy of the Protective Order. (Ducey Decl., ¶ 7, and Exhibit "F".) Defendants' counsel met and conferred with Lions Gate's counsel on September 20, 2013 concerning the scheduling of the deposition, which was noticed for a date and time without clearing it in advance with defendants' counsel. Counsel also conferred on the foregoing

DEFENDANTS' MOTION TO QUASH DOCUMENT AND
DEPOSITION SUBPOENA SERVED ON AMAZON.COM,
INC. AND FOR PROTECTIVE ORDER - 4
No.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

issues, including the defects in the Subpoena, the privileged and protected matter of Yagoozon and the defendants sought by the Subpoena, and the fact that Lions Gate's counsel did not notify Amazon of the C.D. Cal. Protective Order. No resolution has been reached as of the filing of this motion. (Ducey Decl., ¶ 8.)

### III.   AUTHORITY AND ARGUMENT

#### A.   Legal Standard

A court may quash a subpoena if it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iii), (iv); *see also Mattel, Inc. v. Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003); *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (district court may quash subpoena if it finds that it is "unreasonable and oppressive"). In *Mattel*, the district court found that the subpoena was "'very broad' – indeed, 'way too broad for the explanation given by [Mattel's counsel]' – and 'abusively drawn.' The court found that '[n]o attempt had been made to try to tailor the information request to the immediate needs of the case.'" *Id.* at 813 (quoting district court).

A party may challenge a subpoena issued to a non-party if the party claims a personal right or privilege with respect to the information requested by the subpoena by a motion to quash or a protective order. *See, e.g.*, FED. R. CIV. P. 45(c)(3)(A) ("On timely motion, the issuing court must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies[.]"); *Televisa, S.A. de C.V. v. Univision Communications, Inc.*, 2008 WL 4951213, at *1-2 (C.D. Cal. Nov. 17, 2008) (parties may move to quash third-party subpoenas protecting privileged information from disclosure). The Court may also "modify or quash a subpoena that, inter alia, requires disclosing

DEFENDANTS' MOTION TO QUASH DOCUMENT AND
DEPOSITION SUBPOENA SERVED ON AMAZON.COM,
INC. AND FOR PROTECTIVE ORDER - 5
No.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

confidential information." See *Hard Drive Productions, Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1155 (N.D. Cal. 2011) (quoting and citing FED. R. CIV. P. 45(c)(3)(B)). Whether the proposed discovery is "undue" depends upon, among other things, the needs of the case, the importance of the issues at stake in the litigation and the importance of the proposed discovery in resolving the issues. See *Cusamano v. Microsoft Corp.*, 162 F.3d 708, 714 (1st Cir. 1998); *Thayer v. Chiczewski*, 257 F.R.D. 466, 469 (N.D. Ill. 2009) (acknowledging that whether a subpoena imposes an undue burden is case-specific inquiry that turns on such factors as relevance, the need of the party for the documents, and the burden imposed); *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005) (court determining propriety of a subpoena balances the relevance of the discovery sought, requesting party's need, and potential hardship of the party subject to subpoena).

Moreover, Federal Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c)(1). Rule 26(c) is particularly relevant in this case, in which the C.D. Cal. Protective Order is already in place in the Underlying Case and the Subpoena attempts to circumvent the requirements of that Order by not notifying Amazon of its existence and applicability.

B. **The Court Should Grant This Motion to Quash So As to Protect Defendants' Private and Protected Information.**

As noted, the Subpoena seeks testimony of a Rule 30(b)(6) corporate designee without even specifying the categories of testimony sought. In the absence of such a designation, which is referenced in the Supboena but not provided in the Attachment A, defendants have no

DEFENDANTS' MOTION TO QUASH DOCUMENT AND DEPOSITION SUBPOENA SERVED ON AMAZON.COM, INC. AND FOR PROTECTIVE ORDER - 6
No.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

understanding of the testimony that may be sought from Yagoozon. The deposition component of the Subpoena is defective on its face, and should be quashed on this ground alone.

The document component of the Subpoena is egregiously overbroad, irrelevant and unduly burdensome. If Lions Gate intended the list of document requests attached as Exhibit A to the Subpoena to serve as the list of topics on which Rule 30(b)(6) testimony is sought, then the deposition component of the Subpoena is equally overbroad, irrelevant, and unduly burdensome. The fishing-expedition nature of the Subpoena is evident from the following document requests:

- Documents in every category related to the "Caesar Wig, Arena Girl Wig, and Contestant Wig" sold by Yagoozon on Amazon, even though none of the alleged intellectual property rights of Lions Gate and none of the alleged infringing conduct by defendants in the Complaint in the Underlying Case is in respect to those products. (Nos. 1-10, 22, 23, 26-33.)[5] Ducey Decl., Ex. C.

- Documents relating to Yagoozon's promotion of merchandise. (Nos. 9, 10, 19.)

- "Listing Titles" under which Yagoozon has sold *any products* on Amazon (No. 21.)

- "[A]greements, without limitation, that may have been reached between Amazon and defendants *unrelated to* The Hunger Games (No. 24.)

---

[5] There is an inherent ambiguity in Lions Gate's own definition of what it calls "Hunger Games-Related Products" in Request No. 23. That collective term is said to refer to "the Mockingjay Pin, Caesar Wig, Arena Girl Wig, Contestant Wig, and/or *Other Hunger Games Products*", without specification. Defendants contend this ambiguity and breadth of language is purposeful and is intended to delve into Yagoozon's sales of all sorts of other products that have nothing to do with *The Hunger Games*. (*See* Ducey Decl., Exhibit "E".)

DEFENDANTS' MOTION TO QUASH DOCUMENT AND
DEPOSITION SUBPOENA SERVED ON AMAZON.COM,
INC. AND FOR PROTECTIVE ORDER - 7
No.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154
Phone (206) 467-6477
Fax (206) 467-6292

- "[A]ll policy warnings" sent to defendants *unrelated to* The Hunger Games. (No. 25.)

- "[A]ll removal orders" sent to defendants *unrelated to* The Hunger Games. (No. 26.)

"A trade secret must and should be disclosed where upon a proper showing it is made to appear that such disclosure is relevant and necessary to the proper presentation of a plaintiff's or defendant's case. The delicate problem is to secure the right of one litigant to get relevant and necessary evidence and to protect the other litigant from disclosing secrets which are not relevant and necessary." *Hartley Pen Co. v. U.S. Dist. Court*, 287 F.2d 324, 328 (9th Cir. 1961). In *Hartley Pen*, in which the Ninth Circuit Court of Appeals issued a writ of mandamus setting aside district court orders requiring the production of trade secret information, the court noted that "'[w]hile there is no definite privilege against discovery of trade secrets and secret processes, the courts will normally hesitate to require disclosure of such matters[.]'" *Id.* at 330-331 (quoting Moore's Federal Practice, Second Edition, Volume 4, p. 1087); *see also DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 460 (C.D. Cal. 2002) (Magistrate Judge denied motion to compel trade secret information in absence of showing by manufacturer of its need for or relevance of the information sought). The foregoing document requests appear to be an effort to obtain irrelevant confidential, proprietary trade secret information regarding defendants' business.

In addition, in the case of "agreements" between Yagoozon and Amazon, there may be banking, credit and other financial arrangements between these parties that constitute defendants' private financial information. Under California law, there is a constitutional right

DEFENDANTS' MOTION TO QUASH DOCUMENT AND
DEPOSITION SUBPOENA SERVED ON AMAZON.COM,
INC. AND FOR PROTECTIVE ORDER - 8
No.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

of privacy afforded to parties when disclosure of their private financial information is sought.

In *Cobb v. Superior Court*, 99 Cal. App. 3d 543 (1979), the California Court of Appeal for the Second District acknowledged this absolute right of privacy:

> Except to the extent that it limited disclosure of the information sought, the trial court here made no effort to fashion a protective order within constitutional limits. No inquiry was made into the many factors which should be considered in resolving the issue. First and foremost, in order to forestall the possibility of use for an ulterior purpose, is to question the timing. It would seldom seem necessary to the integrity of discovery proceedings that extensive discovery be permitted over objection into financial affairs of a defendant ahead of discovery on the merits of the underlying cause of action.

*Id.* at 550.

In *Valley Bank of Nevada v. Superior Court*, 15 Cal. 3d 652 (1975), the California Supreme Court indicated that a balance must be struck between the competing considerations concerning disclosure of confidential bank customer information, such as that which may be sought by the Amazon Subpoena, and the necessity for its production, reasoning as follows:

> They [the considerations] include ". . . the purpose of the information sought, the effect that disclosure will have on the parties and on the trial, the nature of the objections urged by the party resisting disclosure, and ability of the court to make an alternative order which may grant partial disclosure, disclosure in another form, or disclosure only in the event that the party seeking the information undertakes certain specified burdens which appear just under the circumstances." . . . Where it is possible to do so, ". . . the courts should impose partial limitations rather than outright denial of discovery." . . .

*Valley Bank of Nevada*, 15 Cal. 3d 652, 658; *see also Webb v. Standard Oil Co. of Calif.*, 49 Cal. 2d 509, 513-514 (1957) (federal and state tax returns are protected from disclosure to ensure and protect accuracy in tax reporting).

As set forth above, by virtue of the overbroad requests for documents, particularly Document Request Nos. 21 and 24 and potentially a number of others, Lions Gate is seeking

DEFENDANTS' MOTION TO QUASH DOCUMENT AND
DEPOSITION SUBPOENA SERVED ON AMAZON.COM,
INC. AND FOR PROTECTIVE ORDER - 9
No.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

the disclosure of privileged financial documents of at least Yagoozon and perhaps the other defendants, information in which defendants have a constitutional right of privacy. *See* FED. R. CIV. P. 26(c)(1) (discovery extends to "<u>nonprivileged matter</u> that is relevant to any party's claim or defense" (emphasis added)); *Schmulovich v. 1161 Rt. 9 LLC*, Civil Action No. 07-597 (FLW) 2007 WL 2362598, *2 (D.N.J. Aug. 15, 2007) ("Personal rights claimed with respect to bank account records give a party sufficient standing to challenge a third party subpoena served upon financial institutions holding such information").

C. **The Court Should Grant This Motion for a Protective Order Pursuant to Federal Rule 26(c) and So As to Give Effect to the Protective Order Already Issued in the Underlying Case in the Central District of California**

The C.D. Cal. Protective Order governing the Underlying Case is detailed, and to date has enabled the parties to produce what is defined therein as "Protected Information." Lions Gate failed to notify Amazon of the Protective Order in association with serving the Subpoena. This omission is an attempt to end-run the provisions of the Protective Order governing the Underlying Case. (*See* Exhibit "A".)

Paragraph 15 of the Protective Order clearly establishes procedural mechanisms whereby a party may move to quash and seek other relief after service of a subpoena, even if a non-party to the case agrees to abide by the terms of the Protective Order. In this instance, Amazon has not even been afforded the opportunity to comply with the Protective Order. But for defendants' notification to Amazon of the Protective Order by way of Objection, Amazon would have been unaware of its existence. (*See* Defendants' Objections to Plaintiff's Subpoena to Amazon.com, Inc., Exhibit "F".) For purposes of Court filings, there are protections afforded to the parties to have Protected Information filed under seal. The information sought

DEFENDANTS' MOTION TO QUASH DOCUMENT AND DEPOSITION SUBPOENA SERVED ON AMAZON.COM, INC. AND FOR PROTECTIVE ORDER - 10
No.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

by the Amazon Subpoena is clearly "Protected Information" as defined in the Protective Order and, for the reasons set forth herein, is not discoverable in this case.

Additionally, the protected information sought by the Subpoena is governed by the requirements of Federal Rule of Civil Procedure 26, which provides in pertinent part:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
> . . .
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> . . .
>
> (F) requiring that a deposition be sealed and opened only on court order;
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

FED. R. CIV. P. 26(c)(1).

As such, defendants submit that this motion for a protective order with respect to the Subpoena served on Amazon should be granted.

## IV.   CONCLUSION

For the reasons set forth herein and in the papers submitted in support hereof, defendants Yagoozon, Inc., Winning Costumes, LLC, Benjamin Ligeri and Justin Ligeri respectfully request that the Court grant this motion to quash the Subpoena served by plaintiff Lions Gate

DEFENDANTS' MOTION TO QUASH DOCUMENT AND
DEPOSITION SUBPOENA SERVED ON AMAZON.COM,
INC. AND FOR PROTECTIVE ORDER - 11
No.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292

Entertainment, Inc. on Amazon.com, Inc. In addition and for the reasons set forth herein, defendants request that the Court grant this Motion for a Protective Order.

DATED this 24th day of September, 2013.

> **GORDON TILDEN THOMAS & CORDELL LLP**
> Attorneys for Defendant Yagoozon, Inc., Winning Costumes, LLC, Benjamin Ligeri and Justin Ligeri
>
> By   *s/Franklin D. Cordell*
> Franklin D. Cordell, WSBA #26392
> Matthew F. Pierce, WSBA #34019
> 1001 Fourth Avenue, Suite 4000
> Seattle, Washington 98154
> Telephone: (206) 467-6477
> Facsimile:  (206) 467-6292
> Email:  fcordell@gordontilden.com
> Email:  mpierce@gordontilden.com

DEFENDANTS' MOTION TO QUASH DOCUMENT AND DEPOSITION SUBPOENA SERVED ON AMAZON.COM, INC. AND FOR PROTECTIVE ORDER - 12
No.

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154
Phone (206) 467-6477
Fax (206) 467-6292